IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2006

GREGO.. / :. LANGHAM
CLERK

Civil Action No. 06-cv-01813-BNB

DONALD E. NELSON,

      Plaintiff,

v.

H. A. RIOS, JR., Warden,
DEBORAH BRADFIELD, B.S.W.,
DAVID CRAGO, Ph.D.,
DAVID M. TATERS, Ph.D., and
MICHELE ALLPORT, Education Coordinator,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff, Donald E. Nelson, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who has notified the Court that he currently is incarcerated in

Sallis, Mississippi.  While he was an inmate in the Federal Prison Camp in Marion,

Illinois (FPC-Marion), he filed *pro se* a civil rights complaint for money damages

pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), alleging that the defendants have

violated his rights under the United States Constitution.

In an order entered on September 6, 2006, the United States District Court for

the Southern District of Illinois transferred the action to this Court.  Mr. Nelson has been

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp.

2006).

The Court must construe the complaint liberally because Mr. Nelson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nelson will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the BOP's three-step, administrative-grievance procedure as to the asserted claims.

Mr. Nelson alleges that on February 20, 2004, he was transferred from the FPC-Marion to the Federal Prison Camp in Florence, Colorado (FPC-Florence) to participate in the Residential Drug Abuse Program (RDAP) there, and that the defendants have conspired to deny him access to the RDAP.

Mr. Nelson fails to make factual allegations demonstrating each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

2

It also appears that Mr. Nelson has failed to exhaust his claims through the

BOP's grievance system.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action

shall be brought with respect to prison conditions under . . . any . . . Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  An inmate must exhaust administrative

remedies before seeking judicial relief regardless of the relief sought and offered

through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001),

and regardless of whether the suit involves general circumstances or particular

episodes.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Nelson is a prisoner confined in a correctional facility.  The claims he asserts

relate to prison conditions.  Therefore, he must exhaust the available administrative

remedies.  Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the

prisoner."  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Nelson

must "either attach copies of administrative proceedings or describe their disposition

with specificity."  *Id.* at 1211.  Finally, § 1997e(a) imposes a total exhaustion

requirement on prisoners.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189

(10th Cir. 2004).  Therefore, if Mr. Nelson has failed to exhaust administrative remedies

for any one of his claims, the entire complaint must be dismissed.  The steps one, two,

and three grievances and responses attached to the complaint demonstrate that Mr.

Nelson's efforts to exhaust administrative remedies were directed toward the denial of

his eligibility to participate in the RDAP at the FPC-Florence.  They do not address the

3

claims he asserts here, i.e., that the defendants have conspired to deny him access to the RDAP.  Therefore, Mr. Nelson will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the BOP's three-step, administrative-grievance procedure as to his asserted claims.

Finally, Mr. Nelson is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Nelson should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Nelson file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the United States Bureau of Prisons' three-step, administrative-grievance procedure as to his asserted claims.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Nelson at his new address in Sallis, Mississippi, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Nelson submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Nelson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 16, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01813-BNB

Donald E. Nelson
2204 Attala Rd
Sallis, MS 39160

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  *11-16-06*

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk