IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01813-ZLW

DONALD E. NELSON,

     Plaintiff,

v.

H. A. RIOS, JR., Warden,
DEBORAH BRADFIELD, B.S.W.,
DAVID CRAGO, Ph.D.,
DAVID M. TATERS, Ph.D., and
MICHELE ALLPORT, Educational Coordinator,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 3 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Motion for Recall or for Appeal" and notice of change of address submitted *pro se* on March 27, 2007, by Plaintiff Donald E. Nelson.  Mr. Nelson asks the Court to set aside the dismissal order entered on January 3, 2007, and filed on January 4, 2007.  The Court must construe the motion liberally because Mr. Nelson is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A postjudgment motion filed within ten days of a final judgment should

be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's order and judgment filed on January 4, 2007, dismissed the complaint and the action without prejudice. Plaintiff's motion was submitted on March 27, 2007, more than ten days after the final judgment. Therefore, the Court will construe the motion liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the complaint and the action without prejudice for Plaintiff's failure to comply with the Court's November 16, 2006, order and for failure to prosecute. The Court's reasoning for the dismissal is discussed in detail in the order and judgment filed on January 4, 2007. Mr. Nelson fails to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b). Upon consideration of the entire file, the Court finds and concludes that Mr. Nelson fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the

complaint.  Therefore, the liberally construed motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b) will be denied.  Accordingly, it is

ORDERED that the motion titled "Motion for Recall or for Appeal" submitted **pro se** on March 27, 2007, by Plaintiff Donald E. Nelson, and which the Court has construed liberally as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this _13_ day of _____April_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01813-BNB

Donald E. Nelson
Doc NO. 1003228
2204 Attala Rd. 4124
Sallis, MS 39160

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _4/13/07_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk